IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SAMUEL NOTTINGHAM and
CRYSTAL NOTTINGHAM, his wife,

          Plaintiffs,

v.                                            CIVIL  ACTION  NO.  3:09-0471

APPALACHIAN POWER COMPANY,
d/b/a AMERICAN ELECTRIC POWER and
AEP APPALACHIAN POWER; and,
AMERICAN ELECTRIC POWER COMPANY, INC.,
a subsidiary of APPALACHIAN POWER COMPANY,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are the Defendant American Electric Power Company, Inc.'s Motion to Dismiss (Doc. 9) and Plaintiffs' counsel's Motion to Withdraw (Doc. 41).  For reasons explained below, the Court converts the motion to dismiss into one for summary judgment, and **GRANTS** it.  The Court **SCHEDULES** hearing on the motion to withdraw for **Monday, March 1, 2010**.

**I. Motion to Dismiss**

    A.  BACKGROUND

Plaintiffs, Samuel and Crystal Nottingham, filed this lawsuit against Appalachian Power Company d/b/a American Electric Power and AEP Appalachian Power, and American Electric Power Company, Inc. ("AEPCI").  In their complaint, Plaintiffs allege that on June 10, 2007, while searching for ginseng, Samuel Nottingham passed under electric power lines and suffered severe shock.  *See generally,* Complaint (Doc. 1).  Plaintiffs allege that this shock came without warning

and was the result of unreasonable dangers posed by Appalachian Power Company's and AEPCI's power lines and poles.

On June 29, 2009, Defendant AEPCI filed a motion to dismiss, along with an affidavit, contending that it did not own, maintain, or operate the electric lines and pole in question. *See* Doc. 9. AEPCI asked that it be dismissed from the case. In response, Plaintiffs argued that no discovery had taken place and the issue was not ripe for dismissal. *See* Doc. 16. They urged the Court to deny the motion and allow the case to proceed for discovery. In an Order dated August 6, 2009, the Court held the motion in abeyance for 90 days to allow the parties to engage in discovery on the issue of ownership, control, and maintenance of the electric infrastructure in question. *See* Doc. 24. The Court advised that after that time period, the motion would be considered as one for summary judgment.

The 90 day period of time for discovery on ownership, maintenance, and control has long expired. Defendant AEPCI's affidavit in support of it's motion now stands uncontested. In that affidavit, John R. Rayburn, Jr., a Transmission Line Manager for Appalachian Power Company, attests that Appalachian Power Company and not AEPCI owns, operates, and maintains the electric lines and poles in question.

### B. STANDARD OF REVIEW

Pursuant to Rule 12(d) of the Fed. R. of Civ. P. "[i]f, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Defendant AEPCI has filed an affidavit in support of the pleading and because parties have now had adequate time to pursue discovery related

to that affidavit and the defendant's motion, the Court will consider the contents of that affidavit. The standards of Rule 56 will govern review of the matter.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

C. ANALYSIS

AEPCI has filed an affidavit stating that it does not own, control, or maintain the electric lines or power pole alleged to have caused this incident. Despite several months of discovery, Plaintiffs have not presented any evidence to rebut or contradict this affidavit. Plaintiffs, therefore, have presented no concrete evidence from which a reasonable juror could return a verdict in their favor. They have failed to meet their burden on summary judgment. As a result the Court **GRANTS** defendant AEPCI's motion to dismiss. That defendant is hereby dismissed from the case.

**II. Motion to Withdraw**

Also pending is Plaintiffs' counsel's motion to withdraw from representation. The Court **SCHEDULES** a hearing on this matter for **Monday, March 1, 2010** at **3:00 p.m.**

## CONCLUSION

For the reasons explained above, the Court **GRANTS** American Electric Power Company, Inc.'s Motion to Dismiss (Doc. 9). Further, the Court schedules a hearing on **Monday, March 1, 2010** at **3:00 p.m.** to address the pending motion to withdraw. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 18, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE